CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

MARSHALL H. SILVERBERG #5111
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850
Telephone: 541-2850
E-mail: Marshall.Silverberg@usdoj.gov
Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. 22-00064 LEK |
|---|---|---|
| Plaintiff, | ) ) | Government's Motion to Continue the Briefing Schedule, for an Evidentiary |
| vs. | ) ) | Hearing, and to Strike Bronson Gouveia's Unsigned and Unsworn |
| BRONSON K. GOUVEIA, | ) ) | Declaration; Declaration of Counsel; Exhibits 1 and 2; Certificate of Service |
| Defendant. | ) ) |  |

**GOVERNMENT'S MOTION TO CONTINUE THE BRIEFING
SCHEDULE, FOR AN EVIDENTIARY HEARING,
AND TO STRIKE BRONSON GOUVEIA'S UNSIGNED
<u>AND UNSWORN DECLARATION</u>**

On July 24, 2024, the defendant, via his counsel, Matthew Mannisto, filed a Motion to Dismiss (ECF No. 57).  Attached to that motion was an unsworn declaration from Mr. Mannisto (ECF No. 57-1).  Because it was unsworn, the declaration did not meet the minimum threshold requirements of 28 U.S.C. § 1746.

On July 26, 2024, Mr. Mannisto filed a Supplemental Declaration in Support of the Motion to Dismiss.  (ECF No. 58).  This time he attached what he claims is a Declaration of Bronson Gouveia (ECF No. 58-1) but that document is both unsigned (in violation of CrimLR 10.2(e)) and unsworn (in violation of 28 U.S.C. § 1746).  What makes Mr. Mannisto's Supplemental Declaration remarkable is that he stated that even though he was intentionally filing an unsigned declaration purportedly belonging to Mr. Gouveia, he had in his possession "a copy of a document substantially similar to it bearing his signature."  Mannisto Decl., ¶ 8 (PageID.161).  He added that he "intend[s] to secure and file a signed version of Mr. Gouveia's filed declaration as soon as practicable."  *Id.* at ¶ 10.

On July 29, 2024, Mr. Mannisto filed his Third Declaration in Support of the Motion to Dismiss.  ECF No. 59.  That Declaration was both signed and sworn as required by law.  In paragraph 30, he informed the Court that he "filed an unsigned declaration of Mr. Gouveia in support of the Motion to Dismiss with the goal of later submitted (sic) a signed one."  ECF No. 59, PageID.174.

As of the time of this filing, Mr. Mannisto has not filed a signed or sworn declaration from Mr. Gouveia. For that reason, all of the factual statements set forth in the Motion to Dismiss based upon Mr. Gouveia's unsigned and unsworn declaration should be stricken. Mr. Mannisto should have obtained a signed and sworn declaration from Mr. Gouveia *before* he filed his motion. That is a very basic and fundamental precept on how to practice law. Accordingly, and pursuant to CrimLR10.2(g), the Government respectfully requests the Court to strike the unsigned, unsworn, document that purports to be a Declaration of Mr. Gouveia, although there is no way of knowing that for sure that Mr. Gouveia authored or adopted it. The Government also requests that any factual statement in the Motion to Dismiss that relies upon that unsigned, unsworn Declaration be stricken as well – especially the factual statements regarding Roby Batungbacal and Jonovan Joseph residing in Gouveia's residence.

In addition, the Government requests an evidentiary hearing to, at a minimum, play for the court some of the security footage of the Gouveia residence located 47-351 #F, Waihee Road, Kahaluu, Hawaii, 96744 and adduce testimony from a federal agent that he has watched the entire footage from November 22, 2018 through December 23, 2018 (which is all the footage the Government possesses other than from October 1, 2018 at a house in Waianae where Gouveia

lived at that time) and that neither Mr. Batungbacal nor Mr. Jonovan Joseph appear in any of that recorded video footage.

Thus, the Government believes that it will prove, beyond any doubt, that at no time from November 22, 2018 through December 23, 2018, did Mr. Batungbacal or Mr. Joseph visit the Gouveia residence, let alone stay there "for almost the whole month of December 2018" as the unsigned, unsworn Declaration of Mr. Gouveia claims in paragraph 6, ECF No. 58-1, PageID.165. In making those claims, Mr. Gouveia, or whoever authored the unsigned Declaration, may have attempted to commit a fraud on this Court and may have committed a new crime of obstruction of justice. The Government believes that is the reason that Mr. Gouveia has not submitted a signed or sworn declaration. He knows the statements regarding Mr. Batungbacal and Mr. Joseph are demonstrably false.

The Government also wants an evidentiary hearing to establish on the record, beyond any doubt, that none of Mr. Gouveia's prior counsel (that is, before Mr. Mannisto) informed the Government of the existence of the Batungbacal affidavit (ECF No. 57-7), the Batungbacal videorecorded statement (ECF No. 57-8), or that there even was a person named Roy Batungbacal who claimed to be the owner of the drugs and firearms found in the Gouveia residence. If any of those attorneys had so informed the Government, that would have given the Government

4

an opportunity to interview Mr. Batungbacal, have him testify before the grand jury, or have his deposition taken pursuant to Rule 15 of the Federal Rules of Criminal Procedure to preserve his testimony.   Instead, the defense is attempting to ambush the Government with an Affidavit and Video that was prepared more than three years ago and which they kept from the Government until shortly before Mr. Batungbacal was terminally ill in a hospital and unable to speak.   Mr. Mannisto emailed the Batungbacal declaration to the Government on June 4, 2024 (see Exhibit 1) and that was the first time the Government learned of Mr. Batungbacal.   As to the video of Mr. Batungbacal, Mr. Mannisto sent it to the Government on July 5, 2024.   See Exhibit 2.

The Government also wants an evidentiary hearing to adduce testimony from one or two federal agents who went to Queens Medical Center shortly after the Government received the Batungbacal affidavit sent by Mr. Mannisto on June 4, 2024.   Unfortunately, as the Government will adduce at the hearing, Mr. Batungbacal was dying from cancer and unable to speak to the agents, according to Mr. Batungbacal's family.

Finally, the undersigned Government counsel is working on a Ninth Circuit Answering Brief in *United States v. Agor*, No. 24-119, which is an appeal of a trial that Judge Gillmor presided over in 2023.   Cr. No. 21-00136 HG.   The defense

counsel in that case has stated that he will object to the Government asking the Ninth Circuit for an extension of our deadline, which is August 14, 2024. The undersigned counsel cannot possibly complete the Answering Brief in that case by that time and also adequately respond to the Motion to Dismiss in this case. Notably, the deadline for the Government's response to motions as set forth in the Scheduling Order is October 8, 2024. The Government is not asking for its response deadline to the Motion to Dismiss be continued to October 8, 2024, but we are asking for a reasonable continuance so that the undersigned can complete the Answering Brief in *Agor* and also prepare to respond in the instant case.

For all of those reasons, the Government respectfully requests that the Court schedule an evidentiary hearing to be held in late August and continue the Government's response date to two weeks after the hearing so that we may order and obtain a transcript of the evidentiary hearing to be cited in our response.

DATED: July 30, 2024, at Honolulu, Hawaii.

Respectfully submitted,

CLARE E. CONNORS
United States Attorney
District of Hawaii

By */s/ Marshall H. Silverberg*
MARSHALL H. SILVERBERG
Assistant U.S. Attorney

6

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. 22-00064 LEK |
| | ) | |
| Plaintiff, | ) | Declaration of Counsel |
| | ) | |
| vs. | ) | |
| | ) | |
| BRONSON K. GOUVEIA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **DECLARATION OF COUNSEL**

I, MARSHALL H. SILVERBERG, declare as follows:

1. I am an Assistant U.S. Attorney for the District of Hawaii. I have been so employed since 1989. I represent the United States in the captioned matter.

2. Exhibit 1 is an email I received from Mr. Mannisto on June 4, 2024, with Mr. Batungbacal's Affidavit attached. That was the first time I had ever heard of Mr. Batungbacal or even that Mr. Gouveia was going to allege that someone else besides himself committed the crimes which later became charged against him in the Indictment. Mr. Gouveia's previous attorneys never informed me of Mr. Batungbacal, his affidavit, his video, or that Mr. Gouveia was wrongfully charged with the crimes in the Indictment. I had many plea negotiations with them but not a single one of them, at any time, ever informed me that Mr. Gouveia was wrongfully charged in the Indictment.

3. Exhibit 2 is an email that I received from Mr. Mannisto on July 5, 2024. That was the first time I learned of the existence of the video.

4. I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

Dated: July 30, 2024, at Honolulu, Hawaii.

*/s/Marshall H. Silverberg*
Marshall H. Silverberg

8

CERTIFICATE OF SERVICE

I hereby certify that, on the date and by the methods of service noted below, a true and correct copy of the foregoing document was served electronically through CM/ECF:

Matthew Mannisto
Matt@MannistolLaw.com

Attorney for Defendant
BRONSON GOUVEIA

DATED: July 30, 2024, at Honolulu, Hawaii.

/s/ Melena Malunao
U.S. Attorney's Office
District of Hawaii