CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

MARSHALL H. SILVERBERG #5111
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96580
Telephone: (808) 541-2850
Facsimile:  (808) 541-2958
E-mail:  Marshall.silverberg@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. 22-00064 LEK |
|---|---|---|
| Plaintiff, | ) ) | The Government's Memorandum in Response to Defendant Bronson Gouveia's "Emergency Motion to Quash Search Warrant or, in the Alternative, to Stay Execution" (ECF No. 96); Certificate of Service |
| vs. | ) ) | |
| BRONSON K. GOUVEIA | ) ) | |
| Defendant. | ) ) | |

**THE GOVERNMENT'S MEMORANDUM IN RESPONSE
TO DEFENDANT BRONSON GOUVEIA'S
"EMERGENCY MOTION TO QUASH SEARCH WARRANT OR,
IN THE ALTERNATIVE, TO STAY EXECUTION (ECF No. 96)**

On October 3, 2024, the defendant, Bronson Gouveia, filed his "Emergency Motion to Quash Search Warrant or, in the Alternative, to Stay Execution" (ECF No. 96).  Nowhere in that Motion does Gouveia cite to a rule that allows him to obtain an Order quashing or staying the execution of a search warrant.  That is probably because there is no such rule.

Instead, search warrants are governed by Federal Rule of Criminal Procedure 41.  That rule "only allows for a motion to suppress evidence" *after* a warrant has been executed and, for that reason, "numerous courts have concluded that individuals do not have standing to challenge a warrant before it is executed. . . ." *In re Search Warrant*, 2024 WL 1174726 (S.D. Fla. Mar. 18, 2024) (citing *Carpenter v. United States*, 585 U.S. 296 (2018) (Kennedy, J., dissenting) ("recognizing the differences between subpoenas and search warrants, including that a subpoena provides 'the recipient the opportunity to present objections before complying,' which is why subpoenas 'need not comply with the procedures applicable to warrants'").

Gouveia relies upon two cases in support of his motion.  Both are easily distinguishable.  First, while in *United States v. Castillo*, 2016 WL 6158133 (S.D. Fla. Oct. 24, 2016), U.S. Magistrate Judge Jonathan Goodman did issue a decision

2

that supports Gouveia's motion, that decision no longer has any significance because U.S. Magistrate Judge Goodman, himself, subsequently realized that it was incorrectly decided. As he stated *In re Search Warrant, supra*, 2024 WL 1174726 at n. 6:

> The Undersigned was the magistrate judge who issued the Order in *Castillo*. The ultimate ruling was an Order designating the DNA warrant request as premature because the United States had not demonstrated the existence of usable DNA on the items in question. I provided the United States with a choice: it could resubmit the affidavit and proposed warrant by making the warrant conditional on first obtaining usable DNA from the items or it could wait to obtain confirmation that usable DNA exists and then resubmit the warrant package. Approximately two and a half weeks later, the District Court issued a notice of change of plea hearing.
>
> In any event, *Castillo* supports Moss's substantive argument (as opposed to the procedural argument about the ability to use a motion to quash an issued warrant) about probable cause – but, as discussed later in this Order, the Undersigned's view of that issue has evolved, and I no longer agree with my earlier opinion. In other words, *I conclude that law enforcement need not first establish that an item has usable amounts of DNA for purposes of obtaining a DNA warrant if probable cause otherwise exists.*

*Id.* (emphasis added).[1]

Similarly, in *United States v. Marshall*, 2012 WL 2994020 (W.D.N.Y. July 20, 2012), the U.S. Magistrate Judge held that despite there being reasonable

---

[1] Notably, Gouveia's Emergency Motion did not inform the Court that the holding in *Castillo* has been recently rejected by the very same U.S. Magistrate Judge.

3

suspicion to believe that the defendants' DNA would be located on firearms recovered from the crime scene, he nevertheless barred buccal DNA swabs being used to collect DNA from the defendants "because the United States had represented that the DNA profile recovered from the firearm was 'not suitable' for entry in the FBI's combined DNA index system used to compare DNA samples on a national basis." *United States v. Sedillo*, 297 F.Supp.3d 1155 (D. New Mex. Nov. 7, 2017) (quoting *Marshall*).  In contrast, in *Sedillo*, the court distinguished *Marshall* because in *Sedillo* "the United States has not represented that any DNA it has collected is unsuitable or defective." *Id.* at 1186.  Here, the items the Government wants to test have not yet been tested.  So we don't know if there is usable DNA or not.  Thus, the basis for the holding in *Marshall* does not apply here, like it did not in *Sedillo*.

     Nonetheless, in view of the defendant's opposition, and in view of the fact that the DNA testing could not be concluded before the current trial date of November 12, 2024, the Government will *not* execute the search warrant.  If, however, Judge Kobayashi grants the defendant's motion to continue the trial date (which is scheduled to be heard on October 15, 2024), the Government reserves the right to seek a new search warrant to obtain the defendant's DNA.  In the

4

meantime, the Government will send the items it wants tested to the FBI's laboratory at Quantico, Virginia, to see if there is any usable DNA thereon.

In sum, therefore, the defendant's motion is now moot.

Dated: October 4, 2024, at Honolulu, Hawaii

                              Respectfully submitted,

                              CLARE E. CONNORS
                              United States Attorney
                              District of Hawaii

                              By /s/ *Marshall H. Silverberg*
                                  Marshall H. Silverberg
                                  Assistant U.S. Attorney

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the date and by the methods of service noted below, a true and correct copy of the foregoing document was served electronically through CM/ECF:

    Matthew D. Mannisto, Esq.
    MannistoLaw@gmail.com

    Attorney for Defendant
    Bronson Gouveia


DATED: October 4, 2024, at Honolulu, Hawaii.

    /s/ *Rowena Kang*
    U.S. Attorney's Office
    District of Hawaii