IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 22-00064 LEK |
| ) | |
| Plaintiff, ) | Memorandum of Law |
| ) | |
| vs. ) | |
| ) | |
| BRONSON K. GOUVEIA ) | |
| ) | |
| Defendant. ) | |
| ) | |

## **MEMORANDUM OF LAW**

On November 14, 2024, the Defendant, Bronson Gouveia, pro se, filed his "Reply to the Government's Opposition to the Defendant's Motion for New Stand-by Counsel [ECF Dkt. 120]" (Dkt. No. 122). In that Reply, Gouveia made many ad hominen attacks against the character and conduct of the undersigned Government counsel. This includes an allegation that for 35 years the undersigned has "destroyed lives [and] pushed his personal agenda's (sic) ahead of justice, honor and freedom." *Id.* at 3 (PageID.942). He accuses the undersigned of being "a minister of baffoonery" (sic) and misconduct" and "is undoubtedly a true Ignoramus." *Id.* at 2 (PageID.941). He claims he intends to have the undersigned counsel investigated for his "extreme misconduct." *Id.* at 4.

1

When Gouveia was granted pro se status, the Court informed him that he would have to comply with the rules and regulations which govern all attorneys who appear before the Court.  That was merely a restatement of Criminal Local Rule 81.1, which provides, in pertinent part, that "Pro se defendants shall abide by all local, federal, and other applicable rules and/or statutes.  Sanctions may be imposed for failure to comply with the Criminal Local Rules."  CrimL81.1.

Criminal Local Rule 83.3 provides that "Every member of the bar of this court and any attorney permitted to practice in this court pursuant to CrimLR83.1(c) shall be governed by and shall observe the standards of professional and ethical conduct required of members of the State Bar of Hawaii."  CrimLR83.3.

Attached hereto as Exhibit 1 are the "Guidelines to Professional Courtesy & Civility" that were adopted by the Hawaii Supreme Court in 2004.   Rule 5 of those Rules provides:

> Written materials submitted to the court should always be factual and concise and should accurately state the current law and fairly represent the parties' position **without unfairly attacking the opposing party or opposing counsel.**
>
> Specifically, a lawyer who manifests professional courtesy and civility:

2

      (a) Does not use facts that are not properly introduced in the case and part of the record in the case in written briefs or memoranda of points and authorities.

      **(b) Does not degrade the intelligence, ethics, morals, integrity, or personal behavior of the opposing party, counsel or witness unless such matters are at issue in the proceeding.**

"Guidelines to Professional Courtesy & Civility" (Adopted by the Hawaii Supreme Court in 2004) and attached hereto as Exhibit 1 (emphasis added).

      There can be no doubt that Gouveia has attempted to "degrade the intelligence, ethics, morals, integrity [and] behavior of the opposing . . . counsel." In doing so, he has violated the Guidelines to Professional Courtesy & Civility that apply to him via their incorporation by Criminal Local Rules 81.3 and 83.3. The Government respectfully requests that the Court compel Gouveia, in the future, to comply with those rules, especially the ones of civility. If Gouveia cannot comply with such an Order from this Court, then his pro se status should be terminated. *See United States v. Sullivan*, 2024 WL 4616191 (9th Cir. Oct. 9, 2024) (noting that a district court can terminate self-representation of a defendant who is unable or unwilling to abide by rules of procedure and courtroom protocol) (citing *United States v. Engel*, 968 F.3d 1046, 1050 (9th Cir. 2020)). Gouveia should not be permitted to continue his ad hominen attacks of the Government's counsel.

3

Dated: November 18, 2024, at Honolulu, Hawaii

        Respectfully submitted,

        CLARE E. CONNORS
        United States Attorney
        District of Hawaii

        By */s/ Marshall H. Silverberg*
          Marshall H. Silverberg
          Assistant U.S. Attorney