# GUIDELINES TO PROFESSIONAL COURTESY & CIVILITY
Adopted by the Hawaii Supreme Court in 2004

### Introduction

The following Guidelines of Professional Courtesy and Civility for Hawai'i Lawyers, adopted by the Hawai'i State Bar Association as representing accepted norms of professional behavior upon which the successful functioning of the judicial system depends are adopted by the Supreme Court of the State of Hawai'i. The Guidelines are offered for the guidance of lawyers and for the information of their clients.

The practice of law is an honorable and dignified profession. It is filled with clients in need, busy schedules, and crowded dockets. These guidelines are aspirational and will hopefully assist all in the legal profession and the justice system in conducting themselves in a manner that is fair, efficient and humane.

**History.** Amended effective October 4, 2004.

### Rule 1. SCHEDULING

A lawyer should understand and advise a client that civility and courtesy in scheduling meetings, hearings, and discovery are expected, are not to be equated with weakness, and are not inconsistent with zealous representation of the client.

Specifically, a lawyer who manifests professional courtesy and civility:

(a) Makes reasonable efforts to schedule meetings, hearings, and discovery by agreement whenever possible and considers the scheduling interests of opposing counsel, the parties, witnesses, and the court. Misunderstandings are avoided by sending formal notices.

(b) Does not arbitrarily or unreasonably withhold consent to a request for scheduling accommodations.

(c) Does not engage in delay tactics in scheduling meetings, hearings and discovery.

(d) Tries to verify the availability of key participants and witnesses either before a meeting, hearing or trial date is set or if that is not feasible, immediately after so that he or she can promptly notify the court, or other tribunal, and opposing counsel of any likely problems.

(e) Notifies opposing counsel and, if appropriate, the court or other tribunal as early as possible when scheduled meetings, hearings or depositions must be canceled or rescheduled.

### Rule 2. CONTINUANCES AND EXTENSIONS OF TIME

Consistent with existing law and court orders, a lawyer should agree to reasonable requests for extensions of time when the legitimate interests of his or her client will not be adversely affected.

Specifically, a lawyer who manifests professional courtesy and civility:

(a) Agrees to reasonable requests for extensions of time or continuances without requiring motions or other formalities.

(b) Considers any reasonable request for time in light of the need for prompt resolution of matters, the consideration that should be extended to an opponent's professional and personal schedule, the opponent's willingness to grant reciprocal extensions, the time actually needed for the task, and whether it is likely a court would grant the extension if asked to do so.

(c) Does not regularly engage in the strategy of not agreeing to reasonable requests for time extensions simply to appear "tough."

(d) Does not seek extensions or continuances for the purpose of harassment or extending litigation.

(e) Does not condition agreement to an extension on terms that alter the rights of the parties in the litigation, such as the right to move against a complaint.

(f) Agrees to reasonable requests for extensions of time when new counsel is substituted in for prior counsel.

**History.** Amended effective October 4, 2004.

### Rule 3. SERVICE OF PAPERS

The time and manner of service of papers should not be calculated to disadvantage or embarrass the party receiving the papers.

Specifically, a lawyer who manifests professional courtesy and civility:

(a) Does not serve papers simply to take advantage of an opponent's known absence from the office or at a time or in a manner designed to inconvenience an adversary, such as late on Friday afternoon or the day preceding a secular or religious holiday.

(b) Serves papers by personal delivery or by facsimile transmission when it is likely that service by mail, even when allowed, will prejudice the opposing party.

(c) Serves papers on an individual attorney known to be responsible for the matter and at his or her principal place of work.

**EXHIBIT 1**

(d) Refrains from using the mode, timing or place of serving papers primarily to embarrass a party or witness.

### Rule 4. PUNCTUALITY

A lawyer should be punctual in communications with others and in honoring scheduled appearances.

Specifically, a lawyer who manifests professional courtesy and civility:

(a) Arrives sufficiently in advance of trials, hearings, meetings, depositions, or other scheduled events so that preliminary matters can be resolved.

(b) Timely notifies all other participants and the court when, for a reason beyond his or her control, the lawyer will be unavoidably late.

(c) Timely notifies all other participants and the court when he or she is aware that a participant will be late for a scheduled event.

### Rule 5. WRITINGS SUBMITTED TO THE COURT (including but not exclusively limited to briefs, memoranda, affidavits, and declarations)

Written materials submitted to the court should always be factual and concise and should accurately state the current law and fairly represent the parties' position without unfairly attacking the opposing party or opposing counsel.

Specifically, a lawyer who manifests professional courtesy and civility:

(a) Does not use facts that are not properly introduced in the case and part of the record in the case in written briefs or memoranda of points and authorities.

(b) Does not degrade the intelligence, ethics, morals, integrity, or personal behavior of the opposing party, counsel or witness unless such matters are at issue in the proceeding.

**History.** Amended effective October 4, 2004.

### Rule 6. COMMUNICATIONS WITH CLIENTS AND ADVERSARIES

A lawyer should at all times be civil, courteous, and accurate in communication with clients and adversaries, whether in writing or orally.

Specifically, a lawyer who manifests professional courtesy and civility:

(a) Does not draft a letter assigning to an opposing party a position that party has not taken or to create a "record" of events that have not occurred.

(b) Makes sparing use of letters intended only to make a record and then only when the lawyer thinks it is necessary given all the circumstances.

(c) Does not send a copy of a letter addressed to opposing counsel to the judge unless specifically allowed by the court.

(d) Does not fail or refuse, without justification, to respond to the phone calls and letters of his or her clients and/or opposing counsel.

**History.** Amended effective October 4, 2004.

### Rule 7. DISCOVERY

A lawyer should not use any form of discovery, the scheduling of discovery, or any other part of the discovery process as a means of harassing opposing counsel or the opposing party or as a means of delaying the timely, efficient and cost effective resolution of a dispute.

Specifically:

(a) As to Depositions, a lawyer who manifests professional courtesy and civility:

(1) Takes depositions only where needed to learn facts or information or to preserve testimony.

(2) Accommodates the schedules of opposing counsel and the deponent in scheduling depositions, where it is possible to do so without prejudicing the client's rights.

(3) Ordinarily shows deference to a deposition scheduled and noticed by another party of the reasonable near future by not scheduling another deposition in the same case for an earlier date without the agreement of opposing counsel.

(4) Does not delay a deposition for bad faith purposes but only if necessary to meet real scheduling problems.

(5) Does not ask questions about a deponent's personal affairs or question a deponent's integrity where

such questions are irrelevant to the subject matter or the deposition.

(6) Avoids repetitive or argumentative questions or those asked solely for purposes of harassment.

(7) Limits objections to those that are well founded and necessary for the protection of the client's interest,

and remembers that most objections are preserved and need be made only when the form of a question is defective or privileged information is sought.

(8) Does not direct a deponent to refuse to answer a question unless the question seeks privileged information or is calculated to harass.

(9) Refrains from self-serving speeches during depositions, no matter which party he or she represents.

(10) Does not engage in any conduct during a deposition that is likely to offend others necessarily present

and that would violate prevalent standards of behavior in judicial proceedings.

(b) As to document requests, a lawyer who manifests professional courtesy and civility:

(1) Limits requests for production of documents to documents actually and reasonably believed to be needed for the prosecution or defense of an action and does not make demands to harass or embarrass a party or witness or to impose an inordinate burden or expense in responding.

(2) Does not draft requests for document production so broadly that they encompass documents clearly not relevant to the subject matter of the case.

(3) Does not interpret the request in an artificially restrictive manner in an attempt to avoid disclosure.

(4) Withholds documents on the grounds of privilege only where appropriate.

(5) Does not produce documents in a way calculated to hide or obscure the existence of particular

documents and, where not unreasonably burdensome to do so, produces documents in a reasonably organized and intelligible fashion.

(6) Does not delay producing documents to prevent opposing counsel from inspecting documents prior to scheduled depositions or for any other tactical reason.

(c) As to interrogatories, a lawyer who manifests professional courtesy and civility:

(1) Uses interrogatories sparingly and never to harass or impose undue burden or expense on the opposing party.

(2) Does not read or respond to interrogatories in an artificial manner designed to assure that answers are not truly responsive.

(3) Does not object to interrogatories except when a good faith belief exists in the merit of the objections, or make objections for the purpose of withholding relevant information, and, if an interrogatory is objectionable only in part, answers the unobjectionable portion.

**History.** Amended effective October 4, 2004.

### Rule 8. MOTION PRACTICE

Motions should be filed sparingly, only in good faith and when the issue cannot be otherwise resolved.

Specifically, a lawyer who manifests professional courtesy and civility:

(a) Engages in more than a mere pro forma effort to resolve the issue before filing a motion and, where appropriate, will certify in the motion the efforts to resolve the issue.

(b) Does not engage in conduct that forces opposing counsel to file a motion and then not oppose the motion.

### Rule 9. DEALING WITH NONPARTY WITNESSES

Dealings with nonparty witnesses should be courteous and designed to leave the witness with an appropriately good impression of the legal system.

Specifically, a lawyer who manifests professional courtesy and civility will have a copy of the notice of deposition, or a substantial equivalent, served with the subpoena, and will serve a copy of the subpoena upon all counsel.

### Rule 10. EX PARTE COMMUNICATIONS WITH THE COURT

A lawyer should avoid ex parte communications on the substance or merits of a pending case with a judge (or his or her law clerk) before whom such case is pending.

Specifically:

(a) Even where applicable laws or rules permit an ex parte application or communication to the court, before making such an application or communication, a lawyer who manifests professional courtesy and civility makes diligent efforts to notify the opposing party or a lawyer known to represent or likely to represent the opposing party and makes reasonable efforts to accommodate the schedule of such lawyer to permit the opposing party to be represented.

(b) Where rules permit an ex parte application or communication to the court in an emergency situation, a lawyer who manifests professional courtesy and civility makes such an application or communication (including an application to shorten an otherwise applicable time period) only where there is a bona fide emergency such that the lawyer's client will be seriously prejudiced if the application or communication were made with regular notice.

### Rule 11. SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION

A lawyer should raise and explore the issue of settlement and alternative dispute resolution in every case as soon as the case can be evaluated and, if feasible, mediation should be encouraged.

Specifically, a lawyer who manifests professional courtesy and civility:

(a) Advises the client at the outset of the availability of alternative dispute resolution.

(b) Attempts to de-escalate any controversy and bring the parties together.

(c) Does not falsely hold out the possibility of settlement as a means for terminating discovery or delaying trial.

(d) Considers whether the client's interest could be adequately served and the controversy more expeditiously and economically disposed of by arbitration, mediation or other form of alternative dispute resolution.

**Rule 12. TRIALS AND HEARINGS**

A lawyer should conduct himself or herself in trial and hearings in a manner that promotes a positive image of the profession, assists the court in properly reviewing the case, and displays appropriate respect for the justice system.

Specifically, a lawyer who manifests professional courtesy and civility:

(a) Is punctual and prepared for all court appearances.

(b) Always deals with parties, counsel, witnesses, jurors or prospective jurors, court personnel and the judge with courtesy and respect.

(c) Makes objections during a trial or hearing for legitimate and good faith reasons and does not make such objections only for the purpose of harassment or delay.

(d) Honors requests made by opposing counsel during trial that do not prejudice his or her client's rights or sacrifice tactical advantage.

**Rule 13. PRIVACY**

All matters should be handled with due respect for the rights or privacy of parties and non-parties.

Specifically, a lawyer who manifests professional courtesy and civility:

(a) Does not inquire into, nor attempt to use, nor threaten to use, facts about the private lives of any party or other individual for purpose of gaining an advantage in a case; and where sensitive matters are relevant to an issue, will pursue such inquiry as narrowly as reasonably possible.

(b) Cooperates, if it is necessary to inquire into such matters, in arranging for protective measures designed to assure that the information revealed is disclosed only to those persons who need it in order to present the relevant evidence to the court.

**History.** Amended effective October 4, 2004.

**Rule 14. DOCUMENT MODIFICATION**

A lawyer should clearly identify for other counsel or parties all changes that a lawyer makes in documents, where appropriate or necessary to ensure fairness and clarity.