# EXHIBIT "C"

**From:** "Silverberg, Marshall (USAHI)" <Marshall.Silverberg@usdoj.gov>
**Subject: RE: [EXTERNAL] detainees at FDC here on a writ from state custody**
**Date:** January 21, 2025 at 4:43:51 PM HST
**To:** Matthew Mannisto <matt@mannistolaw.com>

Mr. Gouveia:

I do not believe that our negotiations have been a farce.  I just believe that you are being unrealistic.  If you are convicted as charged, I believe you will receive a sentence of at least 30 years in prison and you may instead receive a sentence of 40 years or even life imprisonment.  In view of that possibility, the 20-year deal I offered you was a very good one for you.  But you have a right to reject it and have a trial.  You are presumed innocent unless and until a jury finds you guilty.  I hold no grudge against you for your decision to go to trial.  But all of the trial delays you have obtained and are still seeking make no sense to me.

I informed you earlier that I would describe to you the reasons for why the Government sought and obtained a superseding indictment.  The primary (but not sole) reason is that you raised the "Roy Batungbacal trial defense" which I had no knowledge of before July 2024.  If you, or your attorneys, had informed me of the "Batungbacal defense" when you were aware of it in December 2020 or April 2021 then I would have subpoenaed him to testify in the grand jury to question him about his knowledge of the drugs and guns found in your residence.  I also would have objected to all of the trial continuances you sought and obtained in 2023 and 2024.  But you took away those options from the Government by concealing the "Batungbacal defense" until he was about to die.  So, as a result, the Government sought and obtained the superseding indictment.  Now, I don't see how you can raise the "Batungbacal defense" to the conspiracy offense charged in Count 6, or the drug transaction charged in Count 7, or the threat to Roysha charged in Count 8.  If you had never raised the "Batungbacal defense" the Government would not have sought the superseding indictment.  The secondary but also very important reason was I wanted to make certain that the Government could adduce testimony from Elbert Pemberton and Darla Okada about your distributions to them of multi-pound quantities of methamphetamine in 2018 and to Pemberton also in 2019.   While I had given you notice of the Government's intent to adduce such evidence, there might have been a legal issue as to whether such evidence was admissible under FRE 404(b) or whether it was instead "inextricably intertwined" with counts 1 and 3.  Now there can be no question that such evidence is admissible to prove the conspiracy charged in Count 6 and the drug distribution offense charged in Count 7.  Neither of these counts, as noted above, deal with Mr. Batungbacal.

I do not know why you think I am emotionally involved in this case.  I have two other cases set for trials and I am not going to retire until both of them also have been resolved.  I am not delaying my retirement only for this case.  You seemed to be under that impression and I simply wanted to correct that misimpression.  In addition, I have a Ninth Circuit brief I am working on that is due February 7, 2025.  And I have an oral argument in another Ninth Circuit case that is pending in February.  I have a lot of other work to do besides this case and I am not retiring until all of it is done.

But, admittedly, I have spent a tremendous amount of time on this case.  It would, in my opinion, be unfair to the Government to ask for another prosecutor to step in and take over for me should the trial be postponed again.  Also, I have no firm date in mind for retirement.  Indeed, it might not be for another 5-10 years. (Andrew Kennedy would tell you that I have been talking about retiring for the past 4 years but I am still here.).  I have not consulted with a retirement counselor, I have not obtained any retirement papers, etc., and I never have had a firm retirement date in mind.  Indeed, deciding when to retire is a complicated issue for me.  There are financial considerations involving my family as well as what will I do when I retire.  (You might be interested to learn that I am considering becoming a criminal defense attorney.  I recently spoke to Lynn Panagakos about it.).  In sum, as of now, quite apart from this case, I have no answer to the retirement question.  As I said, it may not be for another 5-10 years.  My best friend in the office is AUSA Tom Muehleck who is 76 years old and he is still prosecuting cases.

But to show you I have no hard feelings, I will re-offer that 20-year deal.  Also, as stated, you would be able to argue to Judge